```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                    FORT WAYNE DIVISION
```

NICHOLAS JACOBS,              )
                              )
Plaintiff,                    )
                              )
vs.                           )      NO. 1:07-CV-276
                              )
CHARLES G. HART, and          )
PAM THORNTON,                 )
                              )
Defendants.                   )

## OPINION AND ORDER

This matter is before the Court on the complaint filed by Plaintiff Nicholas Jacobs. For the reasons set forth below, the Court:

(1) **GRANTS** Nicholas Jacobs leave to proceed against Charles G. Hart and Pam Thornton in their individual capacities for monetary damages because of the alleged denial of medical treatment for his pain and dental problems in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for Charles G. Hart and Pam Thornton to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Charles G. Hart and Pam Thornton; and

(5) **ORDERS,** pursuant to 42 U.S.C. § 1997e(g)(2), that Charles G. Hart and Pam Thornton respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff been granted leave to proceed in this screening order.

DISCUSSION

Plaintiff, Nicholas Jacobs, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. On November 20, 2007, this Court granted Plaintiff leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to

> dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 127 S. Ct. at 1964-65(quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Nevertheless,

-3-

> [a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson*, 127 S.Ct. at 2200(quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Jacobs alleges that he is in intolerable dental pain and that he is being denied access to a dentist. The Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause; however, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant

-4-

injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Id.* at 1373.

Here, Jacobs alleges that a dentist told him that he needed to have four teeth removed before they got infected again. Jacobs alleges that the teeth were not removed and that two of them are now infected and two are broken. He also alleges that he is in intolerable pain. Based on this complaint, it is a reasonable inference that his pain has gone untreated. Therefore, according to Jacobs' allegations, both the pain and the underlying dental problems are serious medical needs.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

Here, Jacobs alleges that he has written to Nurse Pam Thornton eight times and to the Jail Commander, Charles G. Hart, twice. Giving Jacobs the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim against both defendants. Though the Jail Commander is alleged to have directed Jacobs to consult with the nurse, and though a non-medical prison official is generally justified in relying on medical personal who are treating an inmate, *see Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005), here Jacobs alleges that the nurse told him to consult with the jail commander. Therefore, he has stated a claim against both defendants.

<u>CONCLUSION</u>

For the reasons set forth above, the Court:

(1) **GRANTS** Nicholas Jacobs leave to proceed against Charles G. Hart and Pam Thornton in their individual capacities for monetary damages because of the denial of medical treatment for his pain and dental problems in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for Charles G. Hart and Pam Thornton to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Charles G. Hart and Pam Thornton; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Charles G. Hart and Pam Thornton respond, as provided for in the Federal Rules of Civil Procedure and N.D. I<small>ND</small>. L.R. 10.1, only to the claims for which the plaintiff been granted leave to proceed in this screening order.

**DATED:  December 5, 2007**          /s/RUDY LOZANO, Judge
                                      **United States District Court**